**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **PATRICK DOUGLAS**, | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 08-2408-RWT |
| **TARGET CORPORATION, et al.**, | * | |
| Defendants | * | |

**MEMORANDUM OPINION**

Plaintiff Patrick Douglas filed this action against Defendants Target Corporation, Prince George's County, Maryland, and Officer Rhomes on September 16, 2008. In Count IV of his Complaint, Plaintiff asserts a claim for false arrest and imprisonment against Prince George's County, Maryland.[1]

**I. FACTS**

On the evening of September, 15, 2006, Plaintiff entered the Target Store in Largo, Maryland, during a shopping outing with his family. As Plaintiff was leaving the store, Rhomes, an officer of the Prince George's County Police Department also allegedly acting at the time as an agent of Target, stopped him on suspicion of shoplifting. Unaware of the reasoning behind defendant Rhomes's actions and ultimately fearful of his intentions, Plaintiff alleges that he ran from the store to join the rest of his family in the parking lot. Plaintiff contends that Rhomes then chased

---

[1] Plaintiff's complaint also alleges police brutality (Count I), battery (Count II), deprivation of civil rights (Count III), and negligent hiring, training and supervision (Count V) against the remaining defendants. Defendant Officer Rhomes is named in Counts I-IV, while Defendant Target Corporation is named in Counts II, IV, and V. Neither of these defendants has joined Prince George's County's motion to dismiss.

him, throwing him to the ground upon catching him. According to Plaintiff, he was then handcuffed, taken to a back room of the Target Store, accused of shoplifting, and interrogated. Plaintiff further alleges that he was subsequently released without being formally charged with any offense.

Prince George's County has moved to dismiss Count IV of Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007), the Supreme Court declared the "retirement" of the long-cited "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 45 (1957).[2] The Court in *Twombly* looked instead to whether the Petitioner alleged "enough facts to state a claim to relief that is plausible on its face," *id.* at 570, observing that "plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.* at 554 (internal quotations omitted). In sum, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

When faced with a Rule 12(b)(6) motion, the Court must consider all well-pled allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff, *see Lambeth v. Bd. of Comm'rs of Davidson*

---

[2]*Conley* stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Petitioner can prove no set of facts in support of his claims which would entitle him to relief." 355 U.S. at 45-46.

*County*, 407 F.3d 266, 268 (4th Cir. 2005). Nevertheless, the Court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papason v. Allain*, 478 U.S. 265, 286 (1986), conclusory allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotations omitted).

### III. DISCUSSION

Prince George's County is a county and political subdivision of the State of Maryland. Md. Ann. Code art. 25A, § 1 (2009). Under Maryland law, as a local government, Prince George's County is immune from direct tort actions relating to its "governmental" functions, though it retains liability for suits over its "proprietary" functions. *Buffington v. Baltimore County, Md.*, 913 F.2d 113, 125 (4th Cir. 1990); *DiPino v. Davis*, 729 A.2d 354, 369-370 (Md. 1999). This absolute immunity is subject to several exceptions, none of which is applicable here.[3]

There is no bright-line distinction between "governmental" and "proprietary" functions. *E. Eyring & Sons Co. v. City of Baltimore*, 252 A.2d 824, 825 (Md. 1969). However, Maryland has recognized the following hallmarks of governmental actions:

> [w]here the act in question is sanctioned by legislative authority, is solely for the public benefit, with no profit or emolument inuring to the municipality, and tends to benefit the public health and promote the welfare of the whole public, and has in it no element of private interest, it is governmental in its nature.

---

[3]Local governments are not immune from claims arising from Maryland constitutional violations, nuisance law, or breaches of federal constitutional or statutory law. *Hous. Auth. of Baltimore City v. Bennett*, 754 A.2d 367, 368-369 (Md. 2000). As plaintiff's only allegation against defendant Prince George's County in this proceeding is that of false arrest and imprisonment, none of these exceptions is applicable.

*Mayor & City Council of Baltimore v. State*, 195 A. 571, 576 (Md. 1937). Ultimately, the determination is one of public policy. *Id.*

Under this rubric, Maryland courts have long recognized police activities to be governmental in nature. *See, e.g., Wyncoop v. City of Hagerstown*, 150 A. 447, 450 (Md. 1930) (holding that "it may be taken as settled that police officers exercising directly the police power of the state are governmental agents" undertaking an essentially "governmental function"); *DiPino*, 729 A.2d at 370 (ruling that police functions are "quintessentially governmental in nature"). Local governments are thus immune from tort suits arising from police activities.

In this case, when Rhomes approached and detained plaintiff, he is alleged to have been acting in his capacity as a police officer of Prince George's County. Moreover, within this capacity, Rhomes was attempting to enforce state criminal law on shoplifting through his actions. *Compare DiPino*, 729 A.2d at 370 (finding that the enforcement of "State criminal law" in one's "capacity as a [local] police officer" entitles the government employer to immunity). This being a classic example of police activity, Prince George's County is immune from suit and Plaintiff's Complaint thus fails to state a claim upon which relief can be granted.[4]

---

[4]While Prince George's County is immune from direct suit, under the Local Government Tort Claims Act, local Maryland governments are required to defend and indemnify employees engaged in tortious activity within the scope of their employment. Md. Code Ann., Cts. & Jud. Proc. § 5-303(b) (West 2009); *Williams v. Prince George's County*, 685 A.2d 884, 898 (Md. Ct. Spec. App. 1996). Moreover, even though local governments are not directly liable for punitive damages, they *may* indemnify employees for such damages entered against them. *Id.* § 5-303(c); *Baltimore Police Dep't v. Cherkes*, 780 A.2d 410, 431 (Md. Ct. Spec. App. 2001). However, the Court need not reach the issue of Prince George's County's liability for punitive damages because of its conclusion that Prince George's County is immune from suit.

## IV. CONCLUSION

For the foregoing reasons, the Court will, by separate order, grant Defendant Prince George's County, Maryland's Motion to Dismiss [Paper No. 7].

Date: July 15, 2009                     /s/
                                        ROGER W. TITUS
                                        UNITED STATES DISTRICT JUDGE